**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MELINDA YPARREA and AMERICANA PRODUCTS**
**COMPANY, INC, d/b/a AMERICAN PRODUCTS**
**COMPANY, INC.; and MELINDA YPARREA, Individually**               **PLAINTIFFS**

**v.**               **CIVIL ACTION NO. 5:07-cv-05152-RTD**

**WAL-MART STORES, INC**               **DEFENDANT**

_____

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR "IN**
**CAMERA" REVIEW OF INVESTIGATIVE FILE CONCERNING WAL-MART's**
**DEALINGS WITH AMERICAN PRODUCTS AND OTHER E-MAILS**

_____

Plaintiffs submit this Brief in Support of Their Motion for "In Camera" Review of

Investigative File Concerning Wal-Mart's Dealings with American Products and Other E-Mails.

This lawsuit involves claims arising out of the business relationship of Plaintiffs (who designed

and manufactured flashing enamel pins) and Wal-Mart. In this lawsuit, among other things,

Plaintiffs allege that Wal-Mart made fraudulent misrepresentations to Plaintiffs through its

corporate employee Clifford Young, and that these misrepresentations caused Plaintiffs' damage.

In connection with these allegations, Plaintiffs have sought documentation and a witness

to testify as to any investigation by Wal-Mart of Mr. Young. Specifically, Plaintiffs have sought

information concerning "knowledge of any investigation done by Wal-Mart concerning its

dealings with [Plaintiffs]. . . [i]t is Plaintiffs' understanding that Wal-Mart conducted an

investigation into Clifford Young's dealings with American Products and Steve and Melinda

Yparrea."[1]   Wal-Mart has objected to the production of this information as protected by privilege.[2]

Plaintiffs have also sought, through requests for production, the personnel files of Mr. Young, and other Wal-Mart employees Tim Cowgur and Ronnie Hoyt.[3]   Among other grounds, Wal-Mart has argued that these personnel files are privileged, but Wal-Mart did produce the exit interviews for these employees.[4]

Wal-Mart, by letter from counsel, indicated that it was also in the process of trying to ascertain how much of Plaintiffs' product was returned, retained or destroyed.   Wal-Mart produced a series of e-mails related to the return of the pins.   A number of these e-mails have been significantly redacted, presumably under some claim of privilege.[5]

The investigation of Mr. Young, the personnel files of the relevant Wal-Mart employees, and the redacted e-mails should be presented to the Court to test Wal-Mart's claim of privilege. The memorandum opinion of Judge Marschewski in *Miles v. Wal-Mart Stores, Inc.*, is instructive.[6]   Like in this case, in *Miles*, Wal-Mart contended that a number of documents sought in discovery were protected by the attorney-client and work-product privileges. Judge Marschewski conducted an *in camera* review of the documents, including documents generated

---

[1] *See* Exhibit A, Plaintiffs' Amended Notice of Deposition, ¶ 8 and Subpoena Duces Tecum ¶ 5 ("A copy of any investigation report summary of Wal-Mart's inquiry into Clifford Young's dealings with American Products and Melinda and Steve Yparrea.").  All exhibits referenced herein are attached to Plaintiffs' Motion and incorporated herein by reference as if fully set forth word for word.

[2] *See* Exhibit B, August 28, 2008 letter from Asa Hutchinson, III to Will Bond.

[3] *See* Exhibit C, Request for Production No. 9, 10 & 11 and Wal-Mart's Responses.

[4] *See* Exhibit B.

[5] *See* Exhibit D, 001035-1037 WM, 1042-1045 WM.

[6] A copy of *Miles*, 2007 U.S. Dist LEXIS 60385 (W.D.Ark. 2007), is attached to Plaintiffs' Motion as Exhibit E.

by Wal-Mart pursuant to an internal investigation.  Judge Marschewski found that some documents were protected but some, like e-mails, were not.

Plaintiffs ask that the Court conduct the same *in camera* review of the documents as Judge Marschewski did in *Miles*, to determine which documents are rightfully withheld by Wal-Mart under a claim of privilege and which are not.[7]  An *in camera* review will place Wal-Mart's claim of privilege before the Court, who has the ultimate authority to determine whether such a privilege exists, and will expedite the disposition of this matter.

Plaintiffs respectfully requests that the Court grant their Motion to conduct an *in camera* review of the documents as set forth herein, order that Wal-Mart produce such documents withheld under a claim of privilege to the Court for its review and ruling on the discoverability of the withheld and redacted documents.

Respectfully Submitted,

McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone (501) 396-5400

By: /s/ Will Bond

---

[7] *See also Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004) (trial court examined records claimed as internal investigation privileged *in camera*); *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003)(*in camera* review is "a practice both long-standing and routine in cases involving claims of privilege").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

W. Asa Hutchinson, III
THE ASA HUTCHINSON LAW GROUP, PLC
World Trade Center
3300 Market Street, Suite 404
Rogers, AR 72758

Joel D. Johnson
WARNER, SMITH & HARRIS, PLC
400 Rogers Avenue
P.O. Box 1626
Fort Smith, AR  72902-1626


By:  /s/ Will Bond